IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent Jermaine Rice, ) | C/A No. 0:15-2861-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Levern Cohen, *Warden*; Ernest Rome, *Hearing* ) | |
| *Officer, SC Dept of Corrections*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Vincent Jermaine Rice, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 36.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Rice of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 38.) Rice filed a response in opposition to the defendants' motion. (ECF No. 40.) The parties have also submitted supplemental briefing at the direction of the court, including an amended motion for summary judgment filed by the defendants. (ECF Nos. 67 & 73.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants should be granted summary judgment on Rice's claims.

**BACKGROUND**

The following facts are either undisputed or are taken in the light most favorable to Rice, to the extent they find support in the record. The allegations raised by Rice in his Complaint stem from a June 2013 prison riot that occurred during the time he was housed at Ridgeland Correctional

Institution. Rice was charged with participation in the riot and appeared and testified at a disciplinary hearing on July 17, 2013. Defendant Ernest Rowe[1] presided as the hearing officer. During the hearing, Rowe heard from Lieutenant Edward Mole, who provided testimony as to Rice's participation in the riot. Mole admitted that he had relied on the statements of other officers in preparing his report and did not witness first-hand Rice's participation in the riot. During the hearing, Rice requested that Corporal Bruno and Cadet Andrews[2] be called as witnesses, arguing that they would be able to testify that he was in his locked cell prior to the riot. Rowe denied Rice's request to have Bruno and Andrews testify on Rice's behalf, stating that Bruno was no longer employed with the South Carolina Department of Corrections ("SCDC") and therefore could not be called as a witness, and that Andrews was not present during the majority of the riot. At the conclusion of the hearing, Rice was found guilty and placed in disciplinary detention. He was further sanctioned with the loss of 170 days of good time credit, a restitution payment, and the loss of canteen, phone, and visitation privileges.

Rice appealed the decision of the hearing officer to Defendant Warden Cohen by filing a Step 1 grievance. Warden Cohen denied Rice's Step 1 grievance, finding that a reversal of Rice's conviction was not warranted. Rice continued the administrative process by filing a Step 2 grievance and, when that grievance was also denied, filed an appeal with the South Carolina Administrative Law Court. By order dated September 18, 2014, the Administrative Law Court remanded the matter

---

[1] Defendant Ernest Rome is more correctly identified as Ernest Rowe. (Rowe Aff., ECF No. 36-2.)

[2] Although this individual is identified in the record as both Cadet Andrews and Cadet Simons, it appears that he is more correctly identified as Cadet Simon Andrews. (Mole Aff. ¶ 4, ECF No. 36-4 at 2.)



to SCDC for a second hearing, finding that the record as presented supported a finding that Rice's procedural due process rights were violated in that he was not given the opportunity to present requested material witnesses.

Upon remand from the Administrative Law Court, a second disciplinary hearing was held on January 29, 2015, at which time Rice was found not guilty of participating in the June 2013 riot. Rice alleges, however, that the overturned conviction does not rectify the additional time he spent imprisoned and on twenty-four-hour lockdown. Specifically, Rice alleges that, prior to the riot conviction, he was scheduled to be released from prison on September 1, 2013, but that due to the loss of his good time credits, his release date was extended until November 22, 2013. Accordingly, Rice alleges that he spent an additional eighty-three days incarcerated. Rice alleges that he then re-entered SCDC on December 10, 2013 as a result of a separate sentence.

Rice alleges that the defendants violated his Fifth and Fourteenth Amendment rights to due process. The court also construed Rice's Complaint as asserting a state law claim for intentional infliction of emotional distress. Rice seeks monetary damages. Rice expressly sues the defendants in their individual capacities.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible



evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendants' Motions for Summary Judgment**

    **1.     Due Process Claim**

As indicated above, Rice alleges that Defendant Rowe, in his individual capacity, violated his right to due process during his disciplinary hearing. He further alleges that Defendant Cohen, in his individual capacity, violated his right to due process by denying his grievance.

As an initial matter, Rice appears to rely on the Administrative Law Court's determination that the administrative record presented there "support[ed] a finding that the [South Carolina Department of Corrections] failed to provide [Rice] with procedural due process sufficient to support the disciplinary conviction because [Rice] was not given the opportunity to present material witnesses that he requested to be present at the hearing." (Order at 3, ECF No. 1-1 at 7.) In light of this reliance, the court directed the parties to address whether the Administrative Law Judge's determination collaterally estopped or otherwise precluded the defendants from arguing there was no due process violation at Rice's disciplinary hearing, which potentially could entitle Rice to nominal damages. (ECF No. 47.) However, upon review of the additional briefing, the court finds that the defendants in their individual capacities are not in privity with the South Carolina Department of Corrections (the sole appellee in the Administrative Law Court appeal); further, there is no evidence the individual defendants had a full and fair opportunity to litigate the issues in the administrative action. See, e.g., Haskins v. Hawk, Civil Action No. ELH-11-2000, 2013 WL 1314194, at *14 (D. Md. Mar. 29, 2013); Carrigg v. Cannon, 552 S.E.2d 767 (S.C. Ct. App. 2001). Thus, Rice has failed to show that collateral estoppel or res judicata apply here.

With regard to Defendant Cohen, the only action alleged to have been taken by this defendant is that he denied Rice's Step One grievance challenging Defendant Rowe's determination. However,



a prisoner has no constitutional right to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state."). Thus, Rice has failed to state a claim against Defendant Cohen.[3]

With regard to Defendant Rowe, the court finds for the reasons argued by the defendants that Defendant Rowe is entitled to qualified immunity. Qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "The doctrine of qualified immunity protects police officers and public officials from claims of constitutional violations 'for reasonable mistakes as to the legality of their actions.' " Merchant v. Bauer, 677 F.3d 656, 661 (4th Cir. 2012) (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)). To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 231-32 (2009). Courts may address the two prongs of the qualified immunity analysis in whichever order is appropriate in light of the circumstances of the particular case at hand. Id. at 235, 242.

---

[3] Even if Rice stated a claim against Defendant Cohen, this defendant would similarly be entitled to qualified immunity for the reasons discussed below.



In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." Parrish v. Cleveland, 372 F.3d 294, 301 (4th Cir. 2004) (quoting Saucier, 533 U.S. at 201). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." Id. (citations and internal quotation marks omitted). Moreover,

> [a] Government official's conduct violates clearly established law when, at the time of the challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that every "reasonable official would have understood that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate.

Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (first alteration added). In analyzing this prong, a court in this district generally must look only to case law from the United States Supreme Court, the Court of Appeals for the Fourth Circuit, and the South Carolina Supreme Court. Edwards v. City of Goldsboro, 178 F.3d 231, 251 (4th Cir. 1999). The "salient question" " 'is whether the state of the law' at the time of an incident provided 'fair warning' to the defendants 'that their alleged [conduct] was unconstitutional.' " Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Hope v. Pelzer, 536 U.S. 730, 741 (2002)).

In the case at bar, Rice alleges that Defendant Rowe denied him due process with regard to a disciplinary hearing and conviction.[4] Disciplinary proceedings which implicate a protected liberty interest, such as the loss of good time credits, demand due process. See Wolff v. McDonnell, 418 U.S. 539 (1974). In Wolff, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. Wolff, 418 U.S. at 563-67. At issue in this case is Defendant Rowe's denial of Rice's request during the disciplinary hearing to present two witnesses.[5]

The record clearly reflects that at the time of the disciplinary hearing at issue, Defendant Rowe did not have any evidence that Rice had complied with an SCDC policy outlining Rice's

---

[4] To the extent Rice's claim hinges on an allegation that there was insufficient evidence to convict him, the evidence of record clearly demonstrates that there was "some evidence." See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445 (1985) (holding within the context of prison disciplinary proceedings that due process is satisfied as long as there is "some evidence" supporting the Disciplinary Hearing Officer's findings). "Ascertaining whether this [due process] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

[5] The court observes that other courts have held in similar cases that where the plaintiff had a meaningful post-deprivation remedy by appealing his conviction to the Administrative Law Court, any due process violation that may have occurred was cured through reversal. See, e.g., Taylor v. Blackwell, Civil Action No. 1:13-1493-MGL, at *3 (D.S.C. Apr. 25, 2014) (collecting cases). However, in this case there appears to be a factual dispute as to whether the disciplinary conviction was reversed before Rice's penalty stemming from the loss of his good time credits was served. This dispute is not a material one, however, since Defendant Rowe enjoys qualified immunity because the violation, if any, is not one of which every reasonable official would have been aware.



obligation to request witnesses by completing and submitting the applicable form (SCDC Form 19-11) at least twenty-four hours prior to his hearing. Defendant Rowe's unrefuted affidavit indicates that, alternatively, Rice could have requested under the counsel substitute policy that counsel substitute interview relevant witnesses and compile written statements to be presented at the hearing. Moreover, there is no dispute that Rice's oral request for the testimony of Officers Andrews and Bruno was not presented until the middle of the hearing. As argued by the defendants, a reasonable official would not have a reason to believe that applying the official policies at issue would violate Rice's due process rights.

Additionally, Defendant Rowe's unrefuted affidavit, the transcript of the hearing, and the disciplinary report reveal that Defendant Rowe found that Officer Andrews was not present in the unit during the "two plus hour riot occurring after Andrews was off the unit" and therefore his testimony could not be offered to contradict the eyewitness evidence. (Rowe Aff. ¶ 16, ECF No. 36-2 at 7.) Defendant Rowe determined that Officer Bruno was no longer employed at SCDC, and therefore, he was unavailable as a witness.

Thus, Rice has failed to present evidence that a reasonable officer facing the situation would have known that the manner in which he performed the discretionary functions of his job violated the Constitution.

**2.     State Law Claim**

Rice also alleges a claim of intentional infliction of emotional distress "as a result of the Defendants['] actions." (Compl., ECF No. 1 at 6.) As argued by the defendants, this claim is barred by the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, et seq. As employees working in the course and scope of their employment for a governmental entity, the extent of their tort



liability is defined by the South Carolina Tort Claims Act. Specifically, the Tort Claims Act defines "loss" to exclude "the intentional infliction of emotional harm," see S.C. Code Ann. § 15-78-30(f), and also provides for governmental entities an exemption from liability for loss resulting from employee conduct that constitutes intent to harm, § 15-78-60(17). Accordingly, the claims for intentional infliction of emotional distress against the defendants are barred under the South Carolina Tort Claims Act. See, e.g., Ward v. City of N. Myrtle Beach, 457 F. Supp. 2d 625, 647 (D.S.C. 2006).

Moreover, to prevail against the defendants in their individual capacities, Rice must forecast evidence to establish that the defendants acted outside the scope of their employment, or that the defendants' conduct constituted "actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b). He has failed to present such evidence.

Accordingly, the court should grant the defendants' motions for summary judgment on this claim.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motions for summary judgment be granted. (ECF Nos. 36 & 67.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 31, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).