IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Vincent Jermaine Rice, ) | Civil Action No. 0:15-2861-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Levern Cohen, *Warden*; Ernest Rome, ) | |
| *Hearing Officer, SC Dept of Corrections*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary judgment for Defendants. For the reasons set forth below, the Court adopts the Report and Recommendation and grants summary judgment for Defendants.

I. **Background**

Plaintiff Vincent Rice was a prisoner in Ridgeland Correctional Institution in June 2013, when he was accused of participation in a prison riot. A disciplinary hearing was held on July 17, 2013. Defendant Ernest Rowe (identified as "Ernest Rome" in the case caption) presided. During the hearing, Plaintiff requested that Officers Bruno and Andrews be called as witnesses to testify that Plaintiff was locked in his cell during the riot. Officer Rowe denied the request. At the conclusion of the hearing, Rice was found guilty, placed in disciplinary detention, and sanctioned with the loss of 170 days of good time credit, a restitution payment, and the loss of canteen, phone, and visitation privileges.

Plaintiff appealed the decision of the hearing officer to the Warden, Defendant Levern Cohen, by filing a Step 1 grievance. Warden Cohen denied Plaintiff's Step 1 grievance. Plaintiff continued the administrative process by filing a Step 2 grievance and, after that grievance was denied, by appealing to the South Carolina Administrative Law Court. On September 18, 2014,

the Administrative Law Court remanded the matter for a second disciplinary hearing, finding that Plaintiff's procedural due process rights were violated when he was not given the opportunity to present his requested witnesses. At the second disciplinary hearing, held on January 29, 2015, Plaintiff was found not guilty of participating in the June 2013. Plaintiff, however, alleges that decision does not rectify the additional time he spent in disciplinary detention or his loss of good time credits, which allegedly extended his release date by 83 days. Defendants dispute that assertion, pointing to Plaintiff's other criminal sentences and his extensive record of disciplinary infractions.

On July 22, 2015, Plaintiff filed the present action against Defendants in their personal capacities, alleging they violated his constitutional due process rights. The Court also construes the complaint as asserting a state law claim for outrage. On January 1, 2017, the Magistrate Judge recommended summary judgment for Defendants. (Dkt. No. 76.) Plaintiff has not objected to the Report and Recommendation.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face

of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

#### A. Section 1983 Claims

Prisoners have a constitutional right to due process in disciplinary hearings that implicate protected liberty interests such as the loss of good time credits. Such disciplinary hearings must allow prisoners (1) advance written notice of charges; (2) opportunity to call witnesses and present documentary evidence; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974). Plaintiff alleges Officer Rowe violated those clearly established rights when he denied Plaintiff's request to present two witnesses. Defendants respond that Officer Rowe had held Plaintiff waived his right to call those witnesses when he failed to call them by form submitted at least 24 hours in advance, as required by prison policy. (Dkt. No. 67-2 ¶¶ 8–11.) Instead, Plaintiff made an oral request for those witnesses in the middle of the hearing. (Dkt. No. 76 at 9.) Warden Cohen, in his Step 1 grievance review, affirmed the decision that Plaintiff waived his right to call those witnesses. (Dkt. No. 67-2 ¶¶ 11–12.)

Plaintiff argues Defendants are estopped from disputing the South Carolina Administrative Law Court's determination "that the [South Carolina Department of Corrections] failed to provide [Rice] with procedural due process sufficient to support the disciplinary conviction because [Rice] was not given the opportunity to present material witnesses that he requested to be present at the hearing." (Dkt. No. 1-1 at 7.) The Court ordered supplemental briefing on the issue of estoppel. (Dkt. No. 47.) After review of the supplemental briefing, Magistrate Judge determined collateral estoppel and res judicata do not apply in this case. (Dkt. No. 76 at 5.) The Court agrees. Defendants in their individual capacities were not parties to the appeal to the Administrative Law Court and they did not have a full and fair opportunity to litigate the issues in that administrative action.

Qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Whether a violated right was clearly established is determined "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301 (4th Cir. 2004). A right is clearly established only if it was "clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted." *Id.* (citations and internal quotation marks omitted). The "salient question" "'is whether the state of the law' at the time of an incident provided 'fair warning' to the defendants 'that their alleged [conduct] was unconstitutional.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

The Magistrate Judge determined that a reasonable officer in Officer Rowe's position would not have known that requiring Plaintiff to identify his witnesses in advance of the hearing was unconstitutional. (Dkt. No. 76 8–9.) The Court agrees. An absolute refusal to permit Plaintiff to call witnesses in his defense likely would have violated his clearly established rights, but the law did not provide fair warning to Officer Rowe that enforcement of the requirement that prisoners identify witnesses in advance would violate Plaintiff's constitutional rights. To the contrary, judicial proceedings routinely require advance disclosure of witnesses. Officer Rowe therefore is entitled to qualified immunity from Plaintiff's claims under § 1983.

Warden Cohen is alleged only to have denied Plaintiff's Step 1 grievance challenging the outcome of the first disciplinary hearing. He is entitled to qualified immunity for the same reason as Officer Rowe. Further, Plaintiff fails to state a claim against Warden Cohen because a prisoner has no constitutional right to a prison grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th

Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state.").

The Court therefore grants summary judgment for Defendants on Plaintiff's claims under § 1983.

### B.  South Carolina tort claims

Plaintiff also alleges a claim of outrage or intentional infliction of emotional distress "as a result of the Defendants['] actions." (Dkt. No. 1 at 6.) The Magistrate Judge properly recommends that claim be dismissed as barred by the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et seq.* The scope of Defendants' liability as employees working within the scope of their employment for a governmental entity is defined by the Act, which excludes damages from "the intentional infliction of emotional harm." S.C. Code Ann. §§ 15-78-30(f), 15-78-60(17); *see Ward v. City of North Myrtle Beach*, 457 F. Supp. 2d 625, 647 (D.S.C. 2006). Plaintiff has produced no evidence suggesting Defendants acted outside the scope of their employment. The Court therefore grants summary judgment for Defendants on Plaintiff's claim for emotional distress.

### IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 76) as the Order of the Court and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 36) and Defendants' amended motion for summary judgment (Dkt. No. 67).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 1̲/̲, 2017
Charleston, South Carolina